UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINA M. BATISTA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3487 |
| | § | |
| CHRISTIN CARTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

### I.

Before the Court is the defendants', Christin Carter and the State of Texas, motion to dismiss the plaintiff's, Christina M. Batista, suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court has reviewed the pleadings on file in this suit and conducted a phone conference and determines that the motion should be granted.

### II.

The plaintiff and her husband were the subject of a suit to terminate the parent-child relationship between them and their children in the 314th Judicial District Court of Harris County Texas. *See* [CA. No. 2016-042565]. On or about August 1, 2017, the state court entered an order terminating the plaintiff and her husband's parental rights and removed the children from their custody. The plaintiff did not appeal the state court's order. However, her husband appealed the order and the status of that appeal is unclear and not readily apparent. Nevertheless, the husband is not a party to the plaintiff's federal suit, the case at bar.

### III.

In her suit, the plaintiff admits, among other statements, that her suit arises out of the state termination order. Among her claims she asserts that the Department of Family and Protective Services and CPS violated state law and her federal "due process rights" under 42 U.S.C. § 1981. The defendants seek dismissal of the plaintiff's suit under the Rooker-Feldman Doctrine (federal trial courts lack authority to review final judgments of state courts); and, the Eleventh Amendment, of the federal Constitution (immunity from suit is enjoyed by state officials where relief sought is other than injunctive or declaratory).

### IV.

Rule 12(b)(1) permits the dismissal of an action for the lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If [a federal] court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3rd Cir. 1992) (citing *Rubin v. Buckman*, 727 F.2d 71, 72 (3d Cir. 1984)) (reasoning that "[t]he distinction between a Rule 12(h)(3) motion and a Rule 12(b)(1) motion is simply that the former may be asserted at any time and need not be responsive to any pleading of the other party.") Since federal courts are considered courts of limited jurisdiction, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *See, e.g., Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Therefore, the party seeking to invoke the jurisdiction of a federal court carries "the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (citing *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *see also Stockman*, 138 F.3d at 151.

When evaluating jurisdiction, "a [federal] court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MDPhysicians & Assoc., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)); *see also Vantage Trailers*, 567 F.3d at 748 (reasoning that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations.") In making its ruling, the court may rely on any of the following: "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *MDPhysicians*, 957 F.2d at 181 n.2 (citing *Williamson*, 645 F.2d at 413).

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In essence, "the district court must examine the complaint to determine whether the allegations provide relief on any possible theory." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001.) Under Rule 12(b)(6), a court will dismiss a complaint only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1965.

## V.

The plaintiff's § 1981 suit must be dismissed for lack of subject matter jurisdiction, Eleventh Amendment immunity and failure to state a cognizable claim. *See Beall Corp.,* 567 F.3d at 748; *Ramming*, 281 F.3d at 161 and *Ex Parte Young*, 209 U.S. 123 (1908). The plaintiff's pleading and the transcript show that the plaintiff's federal civil right suit arises out of the state court order that terminated her parent-child relationship with her children. A court may dismiss a case where it lacks subject matter jurisdiction, a cognizable suit is not pled and/or where immunity bars consideration of the claims pled. That is the case there. Therefore, the Court is of the opinion that the suit should be dismissed.

It is so Ordered.

SIGNED on this 5th day of April, 2018.

_____
Kenneth M. Hoyt
United States District Judge